UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SARAH KOOLURIS, as mother and Natural
Guardian of A.K. and SARAH KOOLURIS,
individually,

                              Plaintiff[s],

          -against-

CAROLINE COOKE, individually, DR. RAYMOND
H. BLANCH, individually and in his official capacity,
DR. LINDSAY PORTNOY, individually and in her
official capacity, HEIDI CAMBERERI, individually
and in her official capacity, DR. IFAY CHANG,
individually and in his official capacity, NICK MANCINI,
individually and in his official capacity, AMANDA
KANDEL, individually and in her official capacity, and
SOMERS CENTRAL SCHOOL DISTRICT,

                             Defendants.
-----------------------------------------------------------X

**ORDER**

23 Civ. 8395 (JCM)

      Presently before the Court is the parties' joint application to redact certain portions of their settlement agreement, as well as to approve the settlement of the infant Plaintiff's claims.[1] (Docket No. 97).

      The Court initially granted the parties' request to file the settlement agreement under seal. (Docket No. 98). However, upon review of the documents filed under seal, the Court questioned whether all of the documents should remain under seal. Therefore, at a conference on November 19, 2024, the Court directed the parties to file a joint letter explaining the need for any proposed redactions. (Minute Entry Nov. 19, 2024). On November 26, 2024, the parties submitted a joint letter proposing redactions of (1) the infant's name, address, birthdate, and trust; and (2) the financial terms of the settlement. (Docket Nos. 103, 104).

---

[1] This action is before the Court for all purposes on the consent of the parties, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Docket No. 85).

I.     **Letter Motion to Seal**

There is a "common law right of public access to judicial documents [that] is firmly rooted in our nation's history" and that creates a "common law presumption of access" to such documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). However, a "court may seal judicial documents if 'closure is essential to preserve higher values and closure is narrowly tailored to serve that interest.'" *ABC v. XYZ Corp.*, 18-CV-11653 (JGK)(JLC), 2019 WL 1292503, at *2 (S.D.N.Y. Mar. 19, 2019), *report and recommendation adopted*, 2019 WL 1304466 (S.D.N.Y. Mar. 20, 2019) (quoting *Lugosch*, 435 F.3d at 119).

The parties seek the redaction of the infant Plaintiff's identifying information, including the infant's full name, address, birthdate, and financial trust, as well as the financial terms of the settlement. (Docket No. 104 at 2). Given the age of the infant Plaintiff and the fact that he is non-verbal and vulnerable to harassment, and that the parties jointly agree that his personal identifying information should be sealed, (*id.*; Docket No. 48 at 5), the Court finds good cause to seal the infant Plaintiff's identifying information to "protect [his] privacy interests." *ABC*, 2019 WL 1292503, at *5.

The parties' request to seal the settlement's financial terms is also granted. Courts in the Second Circuit have redacted settlement amounts in cases where the allegations at issue were particularly sensitive. *See P3 v. Hilton Central School District*, 6:21-CV-06546 (EAW), 2023 WL 7326048, at *1, n.1 (W.D.N.Y. Nov. 7, 2023); *see also Savarese v. Cirrus Design Corp.*, No. 09 Civ. 1911 (JGK), 2010 WL 815027, at *1 (S.D.N.Y. Mar. 9, 2010).[2] In cases where confidentiality played a material role in settlement negotiations and where a plaintiff raised

---

[2] Although the court in *Savarese* did not explain its basis for redacting the settlement amount at issue, this Court has reviewed the public filings on the docket and found the plaintiff had raised privacy concerns if the amount were to be revealed. *See Savarese*, No. 09 Civ. 1911 (JGK) (S.D.N.Y. Mar. 18, 2010), ECF No. 27 at 1.

privacy concerns, courts have found that such concerns, while "insufficient to justify wholesale sealing of infant settlement proceedings . . . can, in appropriate circumstances, at least justify limited redactions of the settlement amount from public filings." *Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co.*, 5:17-cv-00052 (BKS/TWD), 2021 WL 2188167, at *4 (N.D.N.Y. May 28, 2021).

    Here, the parties attest that the "confidentiality of the monetary settlement amount was an important element" of settlement negotiations, and stress a particularized need to keep the financial terms of the settlement sealed. (Docket No. 104 at 2). Plaintiffs expressed concern that A.K. would be exposed to "unwarranted solicitations for money and scams, and/or inquiries from students and community members . . . if the financial recovery . . . becomes public knowledge. This concern is even more heightened considering the disability and vulnerability of A.K. and the publicity already generated around this matter." (*Id.*). The Court finds that these are legitimate concerns, and will allow the parties to redact the settlement amount from the agreement.[3] While the court in *Hunter* required the parties to reveal the attorneys' fees at issue, *see* 2021 WL 2188167, at *4, the Court will not do so here because this is a contingent fee case, and revealing the amount of attorneys' fees would allow the public to extrapolate the full settlement amount. Thus, the Court will allow the parties to redact the full settlement amount and the attorneys' fees, but not the costs.

    Accordingly, the Court grants the parties' request to redact the personal identifying information of A.K., and any financial terms of the settlement agreement, except for the costs.

---

[3] The Court emphasizes that its decision to seal the financial terms of the settlement agreement applies only to the unique facts of this case, and "does not consider whether the types of concerns Plaintiff cites would justify redacting a settlement amount in a different infant settlement." *Hunter*, 2021 WL 2188167, at *4, n.2.

## II.     Infant Compromise

The Court has evaluated the proposed settlement agreement submitted by the parties, (Docket No. 97-1), which includes the supporting declaration of counsel, (Docket No. 97-2), the supporting declaration of Sarah Kooluris, (Docket No. 97-3), the amended complaint, (Docket No. 97-4), the retainer agreement, (Docket No. 97-6), and the bill from counsel, (Docket No. 97-7).  The Court also conducted an *in camera* review of Plaintiffs' attorneys' contemporaneous time records.

In evaluating a settlement involving infants, a court must decide "whether: (1) the best interests of the infant are protected by the terms and conditions of the proposed settlement; and (2) the proposed settlement, including any legal fees and expenses to be paid, as part of the proposal, are fair and reasonable." *ABC*, 2019 WL 1292503, at *2 (internal citations and quotations omitted).  The factors the Court must consider in evaluating whether the settlement is in the infant Plaintiff's best interest, are "1) whether the proposed settlement will save the infant plaintiff the cost and aggravation of prolonged litigation . . . 2) the circumstance in which the settlement arose, especially whether it was reached after discovery . . . and 3) whether the parties reached the proposed settlement through arm-length negotiations." *D.L.G. ex rel. Gomez v. United States*, No. 12-CV-7526 (RA), 2015 WL 6736163, at *7 (S.D.N.Y. Nov. 3, 2015) (internal citations and quotations omitted).  "[A] court must [also] give 'significant deference' to the natural parent's or guardian's belief that the proposed settlement is in the best interest of the infant plaintiff." *Id.* (quoting *J.A. v. Ja-Ru, Inc.*, No. 08 Civ. 3640 (DAB)(KNF), 2011 WL 990167, at *3 (S.D.N.Y. Mar. 15, 2011)).

Here, the Court finds that the settlement agreement is in the infant Plaintiff's best interest.  First, the infant's mother supports the settlement and believes it is in the best interest of the

infant Plaintiff, (Docket No. 97-3), and the Court awards "significant deference" to the natural parent's opinion. *D.L.G.*, 2015 WL 6736163, at *7.  Second, the "proposed settlement will save the infant plaintiff the cost and aggravation of prolonged litigation" by ending the litigation. *Id.* (internal citations omitted).  Third, the parties reached the settlement early in the case through "arm-length negotiations" after engaging in contentious settlement negotiations with the assistance of the Court. *Id.* (internal citations omitted).  Accordingly, the Court finds that the best interest of the infant Plaintiff is protected by the proposed settlement.

To determine whether the terms are fair and reasonable, the Court must examine whether "(i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; [and] (iii) there has been sufficient discovery to enable counsel to act intelligently." *I.M. by Hartmann v. DiCostanzo*, 16-cv-07608 (LJL), 2020 WL 1330241, at *3 (S.D.N.Y. Mar. 23, 2020) (quoting *Campbell v. City of New York*, No. 15 Civ. 2088 (PAE), 2015 WL 7019831, at *2 (S.D.N.Y. Nov. 10, 2015)).  Under Local Civil Rule 83.2, the Court has authority to "authorize payment to counsel for the infant or incompetent of a reasonable attorney's fee and proper disbursements." Local Civ. R. 83.2(a)(2).

The Court finds that the terms of the settlement agreement are fair and reasonable.  After reviewing the parties' submissions, (Docket Nos. 97, 103), and the contemporaneous time records, the Court determines that the settlement is fair, reasonable and the result of arm's length negotiations. *See ABC*, 2019 WL 1292503, at *2-*3.  Counsel are experienced attorneys who engaged in zealous advocacy of their clients during the court-conducted settlement conference on May 13, 2024.  The Court further finds that the terms and conditions of the settlement, as set forth in the settlement agreement, satisfy the requirements of Local Civil Rule 83.2.

Accordingly, the Court approves the proposed settlement agreement.

### III. Conclusion

For the foregoing reasons, the Court grants the parties' request to file the settlement agreement with the limited redactions as set forth herein. (*See* Docket No. 103). The Court further approves the proposed settlement agreement.[4] Plaintiff Sarah Kooluris is hereby authorized and empowered to execute a General Release and any other instrument necessary to effectuate the approved settlement, and the parties to the settlement agreement shall fully comply with all their obligations thereunder.

The Clerk of Court is respectfully directed to unseal Docket No. 103 and close the case.

Dated:  December 13, 2024
        White Plains, New York

SO ORDERED:

_____
JUDITH C. McCARTHY
United States Magistrate Judge

---

[4] The unredacted settlement agreement filed on November 1, 2024, (Docket No. 97-1), may remain under seal.